UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ROCCA, #271272,

        Petitioner,

v.                                                        CASE NO. 10-CV-11821
                                                          HONORABLE VICTORIA A. ROBERTS

LLOYD RAPELJE,

        Respondent.
_____/

## **OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

      Michigan prisoner Dwayne Rocca ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner was convicted of three counts of armed robbery, Mich. Comp. Laws § 750.529, first-degree home invasion, Mich. Comp. Laws § 750.110a(2)(a), safe-breaking, Mich. Comp. Laws § 750.531, two counts of torture Mich. Comp. Laws § 750.85, two counts of animal torture, Mich. Comp. Laws § 750.50b(2), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, impersonating a police officer Mich. Comp. Laws § 750.215(3), larceny in a building, Mich. Comp. Laws § 750.360, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Lapeer County Circuit Court. He was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 22 years six months to 75 years imprisonment on the armed robbery, safe-breaking, torture, home invasion, and felon in possession convictions, concurrent

terms of two to 15 years imprisonment on the animal torture, impersonating a police officer, and larceny convictions, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises two Fourth Amendment claims, claiming that: (1) the police lacked probable cause to obtain a search warrant for his residence, and (2) the trial court erred in failing to suppress the evidence seized during the search.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claims are meritless and the petition must be denied.

## II. Facts and Procedural History

Petitioner's convictions stem from an armed robbery and home invasion committed by him and his co-defendants under the guise of an FBI raid at a residence in Lapeer, Michigan on November 27, 2006. After speaking with the victims and a confidential informant, the police obtained a search warrant for Petitioner's residence and seized items implicating him in the crime. Prior to trial, Petitioner filed a motion to quash the evidence seized from his residence, but the motion was denied.

2

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting several claims of error, including the Fourth Amendment claims contained in his habeas petition. The Michigan Court of Appeals addressed the Fourth Amendment issues and denied relief on those claims. *See People v. Rocca*, No. 280205, 2009 WL 186190 (Mich. Ct. App. Jan. 27, 2009) (unpublished).[1] Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Rocca*, 485 Mich. 925, 773 N.W.2d 704 (2009).

Petitioner thereafter filed his federal habeas petition, raising the same Fourth Amendment claims presented to the state courts on direct appeal of his convictions. The Court has not required Respondent to file an answer to the petition.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1]The Michigan Court of Appeals reversed Petitioner's felony firearm conviction, but affirmed his other convictions.

3

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings

of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.     Analysis**

Petitioner asserts that he is entitled to habeas relief based upon alleged violations of the Fourth Amendment. Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, , 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*,

95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner has not done so. The record reveals that Petitioner challenged the propriety of the search warrant by filing a motion to quash the evidence seized from his residence. The trial court denied the motion. Petitioner then raised his Fourth Amendment issues before the Michigan Court of Appeals, which denied his claims on the merits, and before the Michigan Supreme Court, which denied leave to appeal. Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claims and that he received all the process he was due. Accordingly, his claims concerning the validity of the search warrant and the denial of his motion to quash the seized evidence are not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating

that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed *in forma pauperis* on appeal is **DENIED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: May 20, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record and Dwayne Rocca by electronic means or U.S. Mail on May 20, 2010.
>
> s/Carol A. Pinegar
> Deputy Clerk